[852 NYS2d 886]—

Same memorandum as in *Local No. 4, Intl. Assn. of Heat & Frost & Asbestos Workers v Buffalo Wholesale Supply Co., Inc.* (49 AD3d 1276 [2008]). Present—Scudder, P.J., Martoche, Green and Gorski, JJ.

DOLORES ROCCO, as Personal Representative of THOMAS ROCCO and Another, on Behalf of Themselves and All Others Active, Retired and Vested Participants and Their Surviving Spouses and Estates of the Brewery Fund Pension Plan Who Were Denied Benefits Under the New York State Teamsters Conference Pension and Retirement Plan from on or about August 12, 1973, Appellants, v PENSION PLAN OF NEW YORK STATE TEAMSTERS CONFERENCE PENSION AND RETIREMENT FUND et al., Respondents. [853 NYS2d 519]—

Present—Scudder, P.J., Martoche, Smith, Green and Gorski, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD A. FERGUSON, Appellant. (Appeal No. 1.) [852 NYS2d 887]—

Present—Hurlbutt, J.P., Lunn, Fahey, Peradotto and Pine, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD A. FERGUSON, Appellant. (Appeal No. 2.) [852 NYS2d 887]—

Present—Hurlbutt, J.P., Lunn, Fahey, Peradotto and Pine, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MONTA WILLIAMS, Appellant. [852 NYS2d 887]—

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [3]), defendant contends that his waiver of the right to appeal was not knowingly, intelligently and voluntarily entered. We reject that contention (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Winchester*, 38 AD3d 1336, 1337 [2007], *lv denied* 9 NY3d 853 [2007]; *People v Gilbert*, 17 AD3d 1164 [2005], *lv denied* 5 NY3d 762 [2005]). The valid waiver by defendant of his right to appeal encompasses his challenge to the severity of the bargained-for sentence (*see Lopez*, 6 NY3d at 255; *Winchester*, 38 AD3d at 1338). Defendant concedes that he failed to request youthful offender treatment at sentencing and, " '[i]n any event[,] given defendant's prior history and the nature of the crime, there is no indication before us that such treatment was warranted' " (*People v Burlew*, 261 AD2d 828, 828 [1999]; *see People v Syrell*, 42 AD3d 947, 948 [2007]). Present—Hurlbutt, J.P., Lunn, Fahey, Peradotto and Pine, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHESTER DEBIASO, Appellant. [852 NYS2d 888]—

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Contrary to the